UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.,

                   Plaintiff,

           v.

HYUNDAI MERCHANT MARINE COMPANY,
LTD.,

                   Defendant.

No. 21-CV-9068 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Expeditors International filed this action against Defendant Hyundai Merchant Marine ("HMM") on November 3, 2021, seeking indemnity for any liability that Expeditors may incur to Balanza Asia Co. in another action now pending in this Court, *Balanza Asia Co. Ltd. v. Expeditors International of Washington*, Case No. 22-CV-8574 (the "*Balanza* action"). Defendant HMM has moved to dismiss the Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff Expeditors' claim against it for indemnity is not ripe until Expeditors has been held liable in the *Balanza* action. *See, e.g., In re M/V DG HARMONY*, No. 98 CIV. 8394DC, 2009 WL 3241238, at *8 (S.D.N.Y. Sept. 30, 2009), *aff'd*, 408 F. App'x 435 (2d Cir. 2011) ("[A] claim for indemnity ... requires that an actual liability be sustained by the indemnitee"); *FSP, Inc. v. Societe Generale*, No. 02 CV 4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003) ("Claims concerning indemnification obligations, however, are not ripe for adjudication until liability has been imposed upon the party to be indemnified").

    During a conference with the parties on February 27, 2023, the Court directed the parties to submit letters stating their positions as to whether Expeditors could replead its indemnity claim

against HMM in the related action pending in this Court, *Balanza Asia Co. Lt. v. Expeditors Int'l of Wash., Inc.*, Case No. 22-cv-8574, thereby mooting the instant motion. The Court also asked the parties to each address the statute of limitations implications of any such repleading and dismissal. In their subsequent letters, neither party objected to proceeding in this manner. As to the statute of limitations, the parties agreed that a third-party complaint filed by Expeditors in the *Balanza* action pursuant to Rule 14(a) would not be time-barred, but they disagreed as to whether a third-party complaint filed pursuant to Rule 14(c) would be barred.

Accordingly, for the reasons discussed during the February 27 conference and in the parties' submissions, Expeditors shall replead any claims against HMM in the related action pending in this Court, *Balanza Asia Co. Lt. v. Expeditors Int'l of Wash., Inc.*, Case No. 22-CV-8574, by no later than March 10, 2023.

Dated:    March 3, 2023
          New York, New York

_____
Ronnie Abrams
United States District Judge